# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, A TEXAS BANKING CORPORATION<br><br>Plaintiff,<br><br>-v.-<br><br>DANY INVESTMENT, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, et al<br><br>Defendant | Civil Action No. 10 cv 03176<br><br>Judge Andrea R. Wood<br><br>Maj. Judge Daniel G. Martin |

## UCB'S MOTION FOR ENTRY OF FINAL JUDGMENT ON COUNT VIII OF ITS FIRST AMENDED COMPLAINT

Plaintiff United Central Bank ("Plaintiff") hereby moves, through its undersigned counsel, for entry of a final judgment on Count VIII of its First Amended Complaint (the "Complaint"). In support thereof, UCB states as follows:

1. Plaintiff brought this action to collect three separate loans made to multiple entities owned and controlled by defendant Umar F. Paracha ("Paracha").[1] Those loans (the "Loans") are:

    (i) Loan 1, a $3,500,000 loan made on or about May 19, 2008 to defendants Dany Investment, LLC ("Dany") and Hampshire Plaza LLC ("Hampshire Plaza"), and secured by a first mortgage on the property commonly known as 19N479 U.S. Highway 20 and I-90 in Hampshire, Illinois (the "Hampshire Property");

    (ii) Loan 2, a $1,395,000 loan made on or about May 16, 2008 to defendant Dells Estate, LLC "("Dells Estate") and Resort Hospitality, LLC

---

[1] A more detailed summary of the background facts and procedural history in this case can be found in Plaintiff's Motion for Entry of Final Judgment in Accordance with FRCP 54(b) on Counts I, II, III, IV and V of its First Amended Complaint (Doc. 188).

{00410921 }

("Resort"), and secured by a junior mortgage on the Hampshire Property;[2] and

(iii) Loan 3, a $1,175,000 loan made on or about May 19, 2008 to defendants USA Gastech, Inc. ("USA Gastech"), Pakus Management, LLC ("Pakus") and Davenport Estate LLC ("Davenport" and together with Dany, Hampshire Plaza, Dells Estate, Resort, USA Gastech, Pakus and Paracha, collectively, "Defendants"), and previously secured by junior mortgages against properties in Aurora and Bolingbrook, Illinois.[3]

Paracha also executed separate written Guaranties of each of Loan 1, Loan 2 and Loan 3, while Dany executed a Guaranty of Loan 2.

2. On April 1, 2014, Judge Nordberg entered a Memorandum Opinion and Order (Doc. Nos. 181 and 182) granting summary judgment for UCB on all of its remaining claims in the Complaint. The Court also granted UCB's motion to dismiss Defendants' First Amended Counterclaim, but without prejudice to Defendants filing a Second Amended Counterclaim limited to only one issue: an alleged $700,000 construction escrow relating to Loan 3 only.

3. Defendants subsequently filed their Second Amended Counterclaim, which UCB then moved to dismiss.

4. On September 12, 2014, this Court entered a final judgment on Counts II, IV, and V of the Complaint (Doc. No. 203).

5. On September 15, 2014, this Court entered a Judgment of Foreclosure and Sale as to Counts I and III of the Complaint (Doc. No. 204).

6. As Counts VI and VII were previously voluntarily dismissed (Doc. No. 47), the sole remaining Count was Count VIII against Paracha for his breach of the Guaranty of Loan 3.

---

[2] Resort filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Wisconsin as Case No. 3-10-15385 and was dismissed by Plaintiff as a defendant.

[3] In the Complaint and prior Court filings, Plaintiff referred to each of the Loans, respectively, as Loan 423209, Loan 422509 and Loan 420109 but, for, ease of presentation, as Loan 1, 2 and 3 here.

7. On March 31, 2015, this Court entered an Order granting Plaintiff's motion to dismiss and dismissing, with prejudice, the Second Amended Counterclaim (Doc. No. 213).

8. In light of the April 1, 2014 Order entering summary judgment in favor of Plaintiff on Count VIII and the dismissal of the Second Amended Counterclaim, this Court should enter a final judgment in favor of Plaintiff and against Paracha on Count VIII.

9. For the amount of the Judgment on Count VIII, Plaintiff seeks the amount of $1,600,772.83 (the amount due as of March 8, 2013 and recited in Plaintiff's motion for summary judgment) (Doc. 133 at ¶ 72) plus accruing interest after such date in the per diem amount of $348.99 for a total of $1,885,199.68.

10. Plaintiff has contemporaneously moved to approve the sale of the Hampshire Property and for entry of deficiency judgments on Counts I and III of the Complaint. With the resolution of these motions, this case will be fully adjudicated.

WHEREFORE, plaintiff United Central Bank respectfully requests that this Court (i) enter a final judgment on Counts VIII of the Complaint against defendant Umar F. Paracha in the amount of $1,885,199.68; and (ii) enter such other and further relief it deems necessary and proper.

Alexander R. Domanskis (ARDC No. 0652288)  
Andrew J. Abrams (ARDC No. 6271836)  
Max A. Stein (ARDC No. 6275993)  
Boodell & Domanskis, LLC  
353 North Clark Street, Suite 1800  
Chicago, Illinois  60654  
Telephone: (312) 938-4070  
Fax: (312) 540-1162  
aabrams@boodlaw.com

Respectfully submitted,  
**UNITED CENTRAL BANK**

By: /s/ *Andrew J. Abrams*  
   One of its attorneys